**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Zurich American Insurance Company, | Case No. 2:25-cv-00240-CDS-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Austin Chavers, et al., | |
| Defendants. | |

Before this Court is Plaintiff's Motion to Serve Certain Defendants by Publication. ECF No. 28. No opposition was filed. Because Plaintiff failed to meet the requirements for service by publication, this Court denies the motion without prejudice. However, this Court, in its discretion, extends the time for service.

**I.    BACKGROUND**

This is an interpleader action that Plaintiff, an insurance company, commenced to distribute underinsured motorist benefits to persons involved in a vehicle accident. ECF No. 28 at 2. Defendants were passengers in a vehicle, insured by Plaintiff, that may have a claim to the insurance proceeds. In the complaint, Plaintiff names 15 defendants, 12 of which have appeared in the case. The remaining three defendants—Curtis Edge, Nathan Schmidt, and Debora Schantz—have not been served. *See* ECF No. 27 (notice of intent to dismiss for lack of service). The deadline to file proof of service was May 5, 2025. *See* ECF No. 1. Plaintiff filed the present motion on June 3, 2025. ECF No. 28.

In that motion, Plaintiff states that it ran a Westlaw people search report that yielded an address for each unserved Defendant, and it attempted service once at those addresses. *Id.* at 2–3. When service was unsuccessful, Plaintiff explains it requested skip traces that, again, yielded an address for each unserved Defendant. It attempted service once at those addresses. *Id.* As to

Defendant Edge, Plaintiff states the process server spoke with the residents at each address, and they advised they did not know him. *Id.* at 2. As to Defendant Schmidt, the process server noted that the residences were empty and confirmed as much with the property manager. *Id.* at 3. Finally, as to Defendant Schantz, the process server spoke with the residents at each address, and they advised that Defendant Schantz was either unknown or had moved. *Id.* The process server further called Defendant Schantz, but did not speak to her. *Id.*

II.    **ANALYSIS**
  **A. This Court denies Plaintiff's motion to serve by publication because Plaintiff has not met the requirements under Nevada Rule of Civil Procedure 4.4(c).**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. *Id.* This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c). The litigant must (1) establish that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable";[1] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment;

---

[1] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); Fed. R. Civ. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

(3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

Here, Plaintiff has not made the requisite showing under NRCP 4.4(c)—and, by extension, federal Rule 4(e)(1)—to effect service of process by publication. Plaintiff hardly addressed any of the NRCP 4.4(c) requirements. Although Plaintiff has met some requirements, it has not met others.

### i.   Plaintiff has met requirements three, four, six, seven, and eight.

Plaintiff has shown that a cause of action exists against the unserved Defendants (requirement three). A cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, Black's Law Dictionary (12th ed. 2024). Plaintiff's theory, set forth in its pleadings, meets this requirement. *See* ECF No. 1. Relatedly, Plaintiff has shown that the unserved Defendants are necessary and proper parties to this matter (requirement four) because they may have been injured in the accident and be entitled to the insurance proceeds. ECF No. 28 at 2; ECF No. 1 at 2–3.

In addition, Plaintiff provided the proposed language of the summons to be used in publication (requirement six)[2] and suggested two newspapers, the Los Angeles Times and Las

---

[2] NRCP 4.4 provides that litigants who desire to serve their adversaries by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" NRCP 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(a). Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also Freund v. Nycomed*

Vegas Review Journal, to publish the summonses in (requirement seven). ECF No. 28 at 5–6. These newspapers are reasonably calculated to give the unserved Defendants' actual notice because, based on previous addresses, they reside in either Las Vegas or Los Angeles. ECF No. 28 at 2–3, 5. Finally, Plaintiff stated that it did not know the unserved Defendants' last-known addresses (except for Defendant Schantz), the dates during which they lived at those addresses, and any other addresses they have resided at since that time or at which they can be found (requirement eight).

### ii. Plaintiff has *not* met requirements one, two, and five.

Plaintiff provided no explanation as to why the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable (first requirement). NRCP 4.4(c). Plaintiff's conclusory statement that "[e]ach element can be met" is insufficient, especially as to why the alternate service methods under 4.4(b) are impracticable.

In addition, this Court does not have enough information to determine that the unserved Defendants cannot be found after due diligence (requirement two) because Plaintiff did not set forth specific facts demonstrating its efforts to locate and serve the defendants (requirement five). There is "no objective, formulaic standard for determining what is, or is not, due diligence." *Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999). Due diligence "is not quantifiable by reference to the number of service attempts or inquiries into public records." *Id.* Instead, "due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Id.*

Here, this Court lacks specific information about Plaintiff's efforts to locate the unserved Defendants' addresses. Though Plaintiff conducted one Westlaw people search report and one skip trace for each unserved Defendant, there is no indication about what the people search reports/skip traces entailed or if they yielded information beyond just one address for each

---

*Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summonses issued in this case. This Court will not ask Plaintiff to modify the summonses already issued for the unserved Defendants.

unserved Defendant (such as additional addresses, telephone numbers, email addresses, etc.). Moreover, Plaintiff does not state what public or propriety databases were consulted regarding the skip traces. Thus, this Court cannot say that the unserved Defendants cannot be found after due diligence.

Additionally, Nevada law enables the Court to order Plaintiff "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication." NRCP 4.4(d)(1). Should Plaintiff file a renewed motion requesting service by publication, this Court would also require Plaintiff to attempt these other methods as well. Thus, if Plaintiff seeks to renew this motion, a declaration should be attached describing what other efforts were undertaken.

### B. This Court will extend Plaintiff's time to serve Defendants Edge, Schmidt, and Schantz.

Under Federal Rule of Civil Procedure 4(m), if the defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss an action without prejudice against a defendant or order that service be made within a specified time. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In the absence of good cause, the court has discretion to dismiss the case without prejudice or to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Here, Plaintiff did not move to extend the time for service, even though the deadline to serve Defendants was May 5, 2025. *See* ECF No. 1. Still, given Plaintiff's service attempts, this Court will exercise its discretion to extend the time for service. Plaintiff will have an additional 120 days to serve Defendants Edge, Schmidt, and Schantz.

/ / /

/ / /

/ / /

/ / /

/ / /

**III.   CONCLUSION**

**IT IS ORDERED** that Plaintiff's motion (ECF No. 28) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** Plaintiff will have an additional 120 days from the date of the entry of this order to effect service of the summons and operative complaint on Defendants Curtis Edge, Nathan Schmidt, and Debora Schantz.

DATED: July 1, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE